[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
CT Page 7754
The plaintiff seeks damages from the defendant, his homeowner's insurance carrier, for the alleged collapse of a portion of the wall of his residence.
While the "collapse" was allegedly caused by termite infestation and such damage is expressly excluded under the policy, the parties are at issue over whether the damage suffered is a "collapse." Such a result would be a covered loss. Both parties rely on the Supreme Court decision in Black v. Middlesex Mutual Assurance Co., 205 Conn. 246 (1987). In that case, the court discussed what constituted a "collapse," and concluded that the term included "a substantial impairment of the structural integrity" of the building.
Prior to trial, the second count alleging bad faith was withdrawn, leaving a first count sounding in breach of contract and a third count, a CUTPA claim.
 DISCUSSION
The plaintiff offered the testimony of a public adjuster, James McLaughlin, whose opinion was that the integrity of the building was impaired. He and the defense witnesses were in substantial agreement as to the cause of the problem and all considered the damage serious.
The defendant offered two witnesses to support its claim that the structural integrity of the house was not compromised. Mark Cianciolo, an adjuster, said the insect damage was extensive but there was no "collapse" as that term was defined above. He did say that if the insect problem were ignored, a collapse could occur in the future.
The defendant also called Carl Cianci, a structural engineer. He explained how and why the problem originated, but denied there was any danger of the collapse and said the damage noted did not affect the structural integrity. He noted that the joists were not eaten, there was no movement, cracking or settling. Nor did he find evidence of structural deterioration in the area above the infestation. Mr. Cianci's testimony was also significant because he addressed the question of why the outside brick veneer wall had cracked, ascribing this to the fact that concrete had been poured against plywood and no weep holes had been installed.
 CONCLUSION
In view of the conflicting testimony and the strong evidence offered by the defendant from the structural engineer, the court cannot conclude CT Page 7755 that the plaintiff has sustained his burden.
Therefore, judgment may enter for the defendant on the remaining two counts of the complaint.
 ___________________ Anthony V. DeMayo, J.T.R.